UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAULA J. KARAS, | ) |
|     Plaintiff | ) |
| v. | ) 2:12-cv-00303-NT |
| HANNAFORDS SUPERMARKET, | ) |
|     Defendant | ) |

## RECOMMENDED DECISION

Paula J. Karas alleges that on September 9, 2012, September 16, 2012, and September 23, 2012, she "was contaminated by germ parasites as a consumer in the state of Massachusetts after plaintiff arrived home from the defendants Hannafords Supermarket store." (Affidavit of Facts, ECF No. 2). Karas, a resident of Milford, Massachusetts, does not explain what, if anything, this litigation has to do with the District of Maine. She has filed a motion for leave to proceed in forma pauperis, a motion for speedy trial, and a motion to appoint counsel. Her affidavit of indigency is incomplete in that she references an attached social security wage statement, but no attachment is provided. Furthermore, her "affidavit" is neither properly sworn to nor affirmed under penalty of perjury. Nor does the "affidavit" contain any relevant information. In any event, based upon her prior filings with this court in a different case referenced below, I will grant her in forma pauperis motion and I now deny her other two motions and recommend that the Court summarily dismiss this action.

If this case sounds vaguely like "déjà vu" all over again, it is because it is. On April 10, 2012, Karas commenced an action in this Court complaining that "defendants violated the plaintiffs United States Amendment Rights under the United States Constitution to ingest food surplus that is manufactured and sold from the defendants that is even adequate for ingestion

under the code standards of the United States Food and Drug Administration." (Karas v. Hannafords Supermarket, 2:12-cv-00116-NT: Compl., ECF No. 1.) After granting Karas leave to proceed in forma pauperis, I issued an Order to Show Cause requiring Karas to amend her complaint to provide additional factual allegations. The Order to Show Cause was based upon the "barebones" and conclusory nature of the factual background provided by Karas, coupled with her litigation history as revealed by a cursory examination of PACER entries in the numerous cases she has filed in other jurisdictions. (Id.: ECF No. 4 (collecting cases).) I indicated that Karas had an opportunity to amend her complaint in order to provide the necessary factual background and allegations of actual harm. Rather than comply with my procedural order, Karas took an interlocutory appeal which was dismissed. On September 18, 2012, following remand from the Court of Appeals, this Court dismissed Karas's complaint because of her failure to comply with the Order to Show Cause. Rather than appeal from that final judgment, Karas filed the current complaint.

    Of course, some of the conduct that Karas complains of in this "complaint" occurred after the dismissal of the earlier case. Additionally, the first case was minimally related to Maine in that the allegations pertained to a Scarborough, Maine Hannafords grocery store. In the present case there is no apparent connection to Maine. In order to adequately present a viable claim based upon federal subject matter jurisdiction in the context of this pleading Karas must provide factual content regarding the nature of the harm she suffered, including any medical treatment she received as a result of this incident. Her "defendant-unlawfully-harmed-me accusation," without any factual content or apparent basis for federal court jurisdiction, does not provide a sufficient factual basis in order for this Court to draw a plausible inference that the defendant is liable for any misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, her

complaint does not comport substantially with the pleading requirements of Rules 8(a) and 10 of the Federal Rules of Civil of Procedure.

      Based upon the foregoing, I recommend this Court dismiss Karas's complaint.

## NOTICE

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 9, 2012                        /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge